# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

———————————————————

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-cv-00017-LPS |
| v. | ) | |
| | ) | |
| CHRISTINE O'DONNELL, *et al.*, | ) | JOINT STATUS REPORT |
| | ) | |
| Defendants. | ) | |
| | ) | |

———————————————————

## JOINT STATUS REPORT

Please accept this as the Joint Status Report requested by the Court's Oral Order issued on October 29, 2015 in the above-captioned action (Docket Document Number 34).

**(A)     Statement from Chris K. Gober and Steve Hoersting, Attorneys for Defendants:**

Attorneys Chris Gober and Stephen M. Hoersting advise the O'Donnell Defendants in this litigation on matters of campaign-finance law and related Constitutional issues. During their time in this case, each has worked alongside and through local counsel Richard Abbott to resolve this matter on behalf of the O'Donnell Defendants.

To date, the O'Donnell Defendants have filed an Answer and Counterclaims; filed an Answering Brief in response to the FEC's Motion to Dismiss the Defendants' Counterclaims; aided the Court, *via* teleconference, in establishing a Scheduling Order; and provided Plaintiff FEC with Defendants' Initial Discovery Disclosures pursuant to the Scheduling Order. All such actions were handled or supervised, and electronically filed, by and through Mr. Abbott's law office.

Then Mr. Abbott, with no advance notice to Messrs. Gober or Hoersting, moved to withdraw as local counsel. Little activity has transpired with regard to the rest of the discovery

deadlines outlined in the Scheduling Order since the time of Mr. Abbott's Motion to Withdraw as Local Counsel.

The Local Rules of the Delaware District Court require local counsel to serve for all parties who are not represented *pro se*. The Local Rules provide electronic-filing privileges only to local attorneys or to attorneys representing the government. The Local Rules grant the O'Donnell Defendants a limited amount of time before all attorney admissions *pro hac vice* lapse, and the O'Donnell Defendants are, thereby, represented *pro se.* L.R. 83.5(e).

Messrs. Gober and Hoersting have remained in close contact with Ms. Christine O'Donnell. To date, the O'Donnell Defendants have not successfully secured local counsel. As of today, Messrs. Gober and Hoersting see their options as follows:

1. Remain in the case with Ms. O'Donnell until she can secure local counsel able to resume the production and filing of discovery and other documents in the Delaware District Court, and if Ms. O'Donnell can secure local counsel, remain in the case throughout, filing documents by, with and through local counsel.

2. Withdraw as counsel in the event Ms. O'Donnell fails to secure local counsel and is represented *pro se*, or withdraw after such time as Ms. O'Donnell secures local counsel able to assume the responsibilities in this case.

3. (i) File a constitutional claim against the "personal use" statute before a three-judge court in the United States District Court of the District of Columbia pursuant to the Bipartisan Campaign Reform Act of 2002; (ii) If that case is accepted by the three-judge court, file a Motion for a Change of Venue with this Court to place this case before the three-judge Court in the District of Columbia; and (iii) then file, with the District Court of the District

of Columbia, a Motion to Consolidate the two cases in the District Court of the District of

Columbia.

The FEC has correctly alleged that its 1995 Rulemaking on Personal Use of Campaign

Funds was incorporated by Congress in the Bipartisan Campaign Reform Act of 2002.

> In 2002, Congress rewrote FECA's personal-use statute to codify the
> Commission's regulation, including both the irrespective test and the list
> of per se violations. See 148 Cong. Rec. S1991-02 (daily ed. Mar. 18,
> 2002); Bipartisan Campaign Reform Act of 2002, Pub. L. No. 107-155, §
> 301, 116 Stat. 81 (codified as amended at 52 U.S.C. § 30114(b) (formerly
> 2 U.S.C. § 439a(b))).

FEC Brief in Support of Motion to Dismiss Defendants Counterclaims, at 7.

If the FEC's rulemaking was incorporated into statute by BCRA (and it was), the

O'Donnell Defendants have a statutory right to challenge the constitutionality of that provision

before a three-judge Court in the District Court of the District of Columbia, to be followed by

automatic review by the Supreme Court of the United States.

> (a) SPECIAL RULES FOR ACTIONS BROUGHT ON
> CONSTITUTIONAL GROUNDS. If any action is brought for declaratory
> or injunctive relief to challenge the constitutionality of any provision of
> this [Bipartisan Campaign Reform] Act or any amendment made by this
> Act, the following rules shall apply:
>
> (1) The action shall be filed in the United States District Court for the
> District of Columbia and shall be heard by a 3-judge court convened
> pursuant to section 2284 of title 28, United States Code.
>
> (2) A copy of the complaint shall be delivered promptly to the Clerk of the
> House of Representatives and the Secretary of the Senate.
>
> (3) A final decision in the action shall be reviewable only by appeal
> directly to the Supreme Court of the United States. Such appeal shall be
> taken by the filing of a notice of appeal within 10 days, and the filing of a
> jurisdictional statement within 30 days, of the entry of the final decision.
>
> (4) It shall be the duty of the United States District Court for the District
> of Columbia and the Supreme Court of the United States to advance on the

> docket and to expedite to the greatest possible extent the disposition of the
> action and appeal.

Note, 52 U.S.C. § 30110.

Mr. Gober is licensed to practice in the District Court of the District of Columbia, thus filing there would obviate any need for local counsel in that venue. Filing with the three-judge court is the O'Donnell Defendants' statutory right, and provides a statutory right to automatic review of the constitutional questions by the Supreme Court of the United States.

Messrs. Gober and Hoersting represent to this Court that no one option above has yet been decided upon.

Messrs. Gober and Hoersting respectfully request, *via* this filing—an electronic filing to be submitted by Plaintiff FEC in response to the Court's recent Order—that this Court extend the discovery deadlines listed in the Case Scheduling Order by some amount of time that this Court, in its judgment, deems appropriate.

**(C)      Statement from Plaintiff FEC:**

For the reasons stated in the previous joint status report (Docket No. 32, Oct. 22, 2015), the Commission continues to believe that no postponement of deadlines is necessary or appropriate at this time.  Responses to the Commission's first written discovery requests are due on November 10.  Those responses are not filed in court and so ECM privileges are not required.  Defendants have provided no reason why counsel admitted *pro hac vice* cannot provide timely responses.

The Court has ordered that new Delaware counsel enter an appearance on behalf of Friends of Christine O'Donnell no later than November 13, 2015.  (Docket No. 33, Oct. 29, 2015.)  If defendants are able to retain local counsel by that time, the case can and should proceed in the same manner as anticipated, as defendants will have been represented by Mr.

Hoersting and Mr. Gober continuously, and will have only been without local counsel for approximately two weeks.  If defendants do not secure local counsel, the individual defendants will have to represent themselves but should not be permitted to use their failure to obtain counsel as an excuse for unnecessary delay.  Defendants' renewed request to extend deadlines and delay this case should be rejected.

Defendants provided notice to the Commission one day before the due date for this status report that defendants are considering filing a separate lawsuit in D.C. District Court to pursue their constitutional arguments.  The Commission provides the following brief response.  First, this case should not be delayed based on the mere possibility of a second lawsuit that "has yet to be decided upon."  Second, any motion for change of venue they might file related to this case would be without merit.  Though the Commission is located in Washington, DC, the defendants, many of the relevant witnesses, and the alleged violations all took place in this District and it would not be "in the interest of justice" for the Court to transfer it.  28 U.S.C. § 1404.  This case was filed ten months ago, and defendants could have filed other litigation at any time during that period, rather than waiting until after the FEC had filed a motion to dismiss their counterclaims, answered the complaint, provided initial disclosures, and served a first round of discovery with an imminent response deadline.  Thus, if defendants were to file such a case in the D.C. District Court, the FEC would likely oppose the convening of a three-judge court, at least in part because the constitutional arguments defendants have made in connection with this matter are frivolous. (*See* Opening Br. in Supp. of Pl. FEC's Motion to Dismiss Counterclaims at 10-20 (Docket No. 14); Reply Br. in Supp. of Pl. FEC's Motion to Dismiss Counterclaims at 2-10 (Docket No. 19).) Applications for three-judge courts made pursuant to BCRA § 403 and 28 U.S.C. § 2284 should not be granted unless the case presents "a 'substantial claim' and 'justiciable controversy.'"

*Rufer v. FEC*, 64 F. Supp. 3d 195, 202 (D.D.C. 2014) (quoting *Schonberg v. FEC*, 792 F. Supp.

2d 14, 17 (D.D.C. 2011) (per curiam) (quoting *Feinberg v. Fed. Deposit Ins. Corp.*, 522 F.2d

1335, 1338 (D.C. Cir. 1975))); *Independence Inst. v. FEC*, 70 F. Supp. 3d 502, 506 (D.D.C.

2014) (denying application for BCRA three-judge court and dismissing because plaintiffs'

challenge was "'clearly foreclosed by Supreme Court precedent'" (quoting *Rufer*, 64 F. Supp. 3d

at 198)), *appeal docketed*, No. 14-5249 (D.C. Cir. Oct. 22, 2014).  Defendant's proposed plan

would prejudice the FEC, seriously delay this case, and potentially waste judicial resources with

duplicative litigation, all as an apparent result of defendants' wish not to have to comply with the

District of Delaware's local counsel requirement.  This Court should not sanction such a

maneuver.

Respectfully submitted,                    Attorneys for Defendants:

Daniel A. Petalas                          Of Counsel:
Acting General Counsel                     Chris K. Gober, Esquire
dpetalas@fec.gov                           Steve Hoersting, Esquire
                                           GOBER, HILGERS PLLC
Lisa J. Stevenson                          1005 Congress Avenue, Suite 350
Deputy General Counsel – Law               Austin, TX  78701
lstevenson@fec.gov

Kevin Deeley
Acting Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

Robert W. Bonham III
Senior Attorney
rbonham@fec.gov

/s/ *Seth Nesin*
Seth Nesin
Attorney
snesin@fec.gov

FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC  20463
(202) 694-1650

November 6, 2015